UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

FILED
SEP 1 4 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Roshanda Peppers )
_____ )
_____ )
_____ )
            *Plaintiff*           )
              v.                  )   Case Number: **15-CV-1012-MJR-PMF**
SOI - Department of Commerce and Economic )   (Clerk's Office will provide)
   Opportunity                    )
_____ )
_____ )
         *Defendant(s)*          )

# PRO SE CIVIL RIGHTS COMPLAINT
## (Non-Prisoner)

**I.   JURISDICTION**

Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. List any additional bases for federal subject matter jurisdiction here:

Antidiscrimination and Retaliation Act et al., Whistleblower Protection Act et al., any and all applicable to the attached Notice of Right to Sue, and any and all under state and federal law.

**II.  PARTIES**

**Plaintiff:**

A.   Plaintiff, a citizen of __Illinois__ (state), who resides at __641 Fort Henry Road, Belleville, IL 62221__, alleges that his/her civil rights were violated by the individual(s) named below.

**Defendant #1:**

B.   Defendant __Charlie "Charles" Biggam__ is employed as
        (a)   (Name of First Defendant)
     __General Counsel__
        (b)   (Position/Title)

(10/2010)

with <u>Illinois Department of Commerce and Economic Opportunity</u>
          (c)     (Employer's Name and Address)

<u>100 W. Randolph Street, Suite 3-400, Chicago, IL 60601</u>

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? [✓] Yes [ ] No

If your answer is YES, briefly explain:

At the time of the claims of my complaints, Charlie "Charles" Biggam was employed by the state government agency as General Counsel.

Check one of the following:

[✓] This defendant **personally participated** in causing my injury, and I want **money damages**.

[ ] The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).


**Defendant #2:**

C.   Defendant <u>Adam Pollet</u> is employed as
                      (Name of Second Defendant)

<u>Director</u>
         (Position/Title)

with <u>Illinois Department of Commerce and Economic Opportunity</u>
          (Employer's Name and Address)

<u>500 East Monroe, Springfield, Illinois 62701</u>

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? [✓] Yes [ ] No

If you answer is YES, briefly explain:

At the time of the claims of my complaints, Adam Pollet was employed by the state government agency as the Director.

Check one of the following:

[✓] This defendant **personally participated** in causing my injury, and I want **money damages**.

[ ] The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

(10/2010)

**Defendant #3:**

D.   Defendant _____is employed as
     (Name of Third Defendant)

   _____
   (Position/Title)

   with _____
        (Employer's Name and Address)

   _____

   At the time the claim(s) alleged in this complaint arose, was Defendant #3 employed by the state, local, or federal government?  ☐ Yes  ☐ No

   If you answer is YES, briefly explain:

   Check one of the following:

   ☐   This defendant **personally participated** in causing my injury, and I want **money damages**.

   ☐   The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Additional Defendant(s) (if any):**

E.   Using the outline set forth above, identify any additional Defendant(s), using additional pages, if necessary.

(10/2010)

III.  **PREVIOUS LAWSUITS**

    A.    Have you begun any other lawsuits in this federal court?
        ☐ Yes  ☑ No

    B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.

        1.    Parties to previous lawsuits:

            Plaintiff(s):  N/A

            Defendant(s):  N/A

        2.    Case number:

        3.    Name of Judge to whom case was assigned:
            N/A

        4.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

        N/A

(10/2010)

IV.  **STATEMENT OF CLAIM**

State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege several related claims, number and set forth each claim in a separate paragraph.

On January 18, 2013, I received a written reprimand from Linda Franks. The reason given by Linda Franks, Field Office Supervisor, was insubordination for not entering data in Illinois Workforce Development System. Although data requested to be entered violates DCEO's policy (Fraud, Misfeasance, Nonfeasance or Malfeasance according to WIA Policy Letter 06-PL-28).

I sent email to Charles Biggam, Adam Pollet, and Kevin Bell, staff with Illinois Department of Commerce and Economic Opportunity as to what was transpiring and inquired as to if I should complete this assignment since it violates DCEO Policy, they allowed me to be written up and I never received a response from either of them. Such violations My husband sent an email on January 24, 2013 to Charles Biggam, Adam Pollet, and Kevin Bell regarding the retaliation imputed to me and a plea for help. Charles Biggam and Adam Pollet did not respond. Mr. Kevin Bell response read"Good morning Mr. Peppers, Unfortunately, I am not to discuss any matter pertaining to the Notice of Final Action until the Conciliation Agreement has been finalized. Any questions or inquiries can be directed to DCEO General Counsel, Mr. Charles Biggam at Charles.Biggam@illinois.gov." Thereafter my husband, sent another request for a response from Charles Biggam and Adam Pollet; however, Mr. Biggam and Mr. Pollet refused to respond.

On January 25, 2013, I received a written reprimand and 10-work day suspension without pay and threat to terminate my employment which followed the filing of my disability discrimination complaint on behalf of eligible applicants against from Debra Moore and the release of the Notice of Final Action (findings of the investigation) within such a period of time as to raise an inference of retaliatory motivation.

On February 4, 2013, I sent a letter by way of certified mail to Charles Biggam outlining retaliation and the part which he has participated in by his refusal to respond to my claims of retaliation. No response was received from Charles Biggam.

On February 11, 2013, I was demoted from Program Assistant to Switchboard Operator. I sent an email to Illinois Department of Commerce and Economic Opportunity personnel; I have not received a response.

On June 5, 2013, I was harassed and received a written reprimand and 14-working day suspension without pay. The reason stated in letter from Debra H. Moore, Executive Director, for the reprimand was based upon two previous written reprimands for insubordination; a 10-working day suspension without pay and recent deficient entry of Resource Center Customer Profiles. The Written Reprimand from Ms. Moore stated "If you continue to refuse to follow directives from your supervisor, I will have no choice but to terminate your employment." I asked, what directives have I refused to follow and who is my supervisor? Frank Bergman stated that Ms. Moore asked you to enter customer profiles in April and May and you refused. I stated to Mr. Bergman and Ms. Moore that I have not received any profiles to enter as of April 2013. Mr. Bergman stated we are not going to discuss this and that the results from the disciplinary hearing will be provided when you I return from suspension. I sent email to Illinois Department of Commerce and Economic Opportunity personnel, I have not received a response and they have continued to allow St. Clair County to retaliate against me for opposing unlawful discrimination.

Attached is the Notice of Right to Sue outlining brief details.

(10/2010)

V. **REQUEST FOR RELIEF** (*check as many boxes as appropriate*)

Plaintiff requests that the court grant the following relief:

Compensatory damages in the amount of $ any/all available fed. law .

Punitive damages in the amount of $ any/all available under fed. law .

An ordering requiring defendant(s) to:

adhere to and held accountable for violations of the Whistleblower Protection, Civil Rights Acts and all state and federal laws.

A declaration that:

Other:

VI. **JURY DEMAND** (*check one box below*)

Plaintiff ⊙ does or ○ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: September 11, 2015
(date)

*/s/ Roshanda Peppers*
Signature of Plaintiff

641 Fort Henry Road
Street Address

Belleville, IL 62221
City, State, Zip

Roshanda Peppers
Printed Name

(10/2010)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Roshanda Peppers**<br>**641 Fort Henry Road**<br>**Belleville, IL 62221** | From: | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2014-01877 | **Daniel Lim,**<br>**State & Local Coordinator** | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman /sr*           *June 12, 2015*

Enclosures(s)      **Julianne Bowman,**<br>**District Director**      *(Date Mailed)*

cc:
**Mary Madden**
**CMS Office of Legal Services**
**SOI COMMERCE & ECONOMIC**
**100 W Randolph**
**Suite 4-500**
**Chicago, IL 60601**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#14M0705.06 | ☒ IDHR<br>☐ EEOC | 2014SF3324 |

RECEIVED
JUL 02 2014
Dept. of Human Rights

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) | | |
|---|---|---|---|
| Ms. Roshanda Peppers | 618-670-2570 | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH | |
| 641 Ft. Henry Rd | Belleville, IL 62221 | 05 / 05 / 1971<br>M  D  Y | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| SOI – Dept. of Commerce & Economic Opportunity | | 312-814-3132 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 100 W. Randolph St., Ste. 3-400 | Chicago, IL 60601 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL) |
|---|---|
| **RETALIATION** | 06/05/13<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

# (SEE ATTACHED CHARGE)

Page 1 of 5                                                                                                    jst

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 30th DAY OF June , 2014<br>X _____<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>KENISHA CLARK-MILLER<br>Notary Public - State of Illinois<br>My Commission Expires Nov 13, 2017<br>NOTARY STAMP | X Roshanda Peppers   6/30/2014<br>SIGNATURE OF COMPLAINANT   DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 11/09-INT)

I.     A.   Issue/Basis

Retaliation and Harassment - Written Reprimand was received on January 18, 2013, in retaliation for filing a discrimination complaint

       B.   Prima Face Allegations

1. On December 16, 2011, I engaged in a protected activity when I filed a disability discrimination against Respondent with the Deputy Director of the Illinois Department of Commerce and Economic Opportunity.

2. I was hired as Program Assistant on March 2, 2011. My 6-Month Performance Evaluation as Program Assistant met Respondent's expectations. Prior to the charge, the Respondent (Debra Moore) voiced on many occasions that "Roshanda is stellar."

3. On January 18, 2013, I received a written reprimand from Linda Franks. The reason given by Linda Franks, Field Office Supervisor, was insubordination for not entering data in Illinois Workforce Development System. Although data requested to be entered violates DCEO's policy.

    I sent email to Charles Biggam, Adam Pollet, and Kevin Bell, staff with Illinois Department of Commerce and Economic Opportunity as to what was transpiring and inquired as to if I should complete this assignment since it violates DCEO Policy, they allowed me to be written up and I never received a response from either of them.

4. The written reprimand followed the filing of my disability discrimination complaint against Respondent and the release of the Notice of Final Action (findings of the investigation) within such a period of time as to raise an inference of retaliatory motivation.

II.     A.   Issue/Basis

Harassment and Retaliation - Written Reprimand and 10-work day suspension without pay was received on January 25, 2013, in retaliation for filing a disability discrimination complaint on behalf of eligible Workforce Investment Act applicants

       B.   Prima Facie Allegations

1. On December 16, 2011, I engaged in a protected activity when I filed a disability discrimination complaint against Respondent with the Deputy Director of Illinois Department of Commerce and Economic Opportunity.

Roshanda Peppers                                                                   Page 1

2. I was hired as Program Assistant on March 2, 2011. My 6-Month Performance Evaluation as Program Assistant met Respondent's expectations. Prior to the charge, the Respondent (Debra Moore) voiced on many occasions that "Roshanda is stellar."

3. On January 25, 2013, I received a written reprimand and 10-work day suspension without pay from Debra Moore.

    I sent an email to Charles Biggam, Adam Pollet, and Kevin Bell with Illinois Department of Commerce and Economic Opportunity regarding the suspension and written reprimand on an assignment requested by Linda Franks and Debra Moore which violates DCEO Policy, they allowed me to be written up and I have never received a response from Mr. Biggam nor Mr. Pollet.

    My husband sent an email to Mr. Kevin Bell regarding the retaliation and Mr. Bell responded "Good morning Mr. Peppers, Unfortunately, I am not to discuss any matter pertaining to the Notice of Final Action until the Conciliation Agreement has been finalized. Any questions or inquiries can be directed to DCEO General Counsel, Mr. Charles Biggam at Charles.Biggam@illinois.gov. Thank you."

4. The written reprimand, 10-Day Suspension without Pay, and threat to terminate my employment from Debra Moore followed the filing of my disability discrimination complaint against Respondent and the release of the Notice of Final Action (findings of the investigation) within such a period of time as to raise an inference of retaliatory motivation.

III. A. Issue/Basis
Harassment and Retaliation – Demotion occurred on February 11, 2013, in retaliation for filing a disability discrimination complaint on behalf of eligible Workforce Investment Act applicants

B. Prima Facie Allegations
1. On December 16, 2011, I engaged in a protected activity when I filed a disability discrimination complaint against Respondent with the Deputy Director of Illinois Department of Commerce and Economic Opportunity.

2. I was hired as Program Assistant on March 2, 2011. My 6-Month Performance Evaluation as Program Assistant met Respondent's

Roshanda Peppers                                                                                                  Page 2

   expectations. Prior to the charge, the Respondent (Debra Moore) voiced on many occasions that "Roshanda is stellar."
3. On February 11, 2013, I was demoted from Program Assistant to Switchboard Operator. No reason was given.

   I sent email to Illinois Department of Commerce and Economic Opportunity personnel; I have not received a response.

4. The demotion followed the filing of my disability discrimination complaint against Respondent within such a period of time as to raise an inference of retaliatory motivation.

IV.  A.  Issue/Basis
Harassment and Retaliation - Written Reprimand and 14-work day suspension without pay in retaliation for filing a discrimination complaint on behalf of eligible applicants

B. Prima Face Allegations
1. On December 16, 2011, I engaged in a protected activity when I filed a disability discrimination against Respondent with the Deputy Director of the Illinois Department of Commerce and Economic Opportunity.

2. I was hired as Program Assistant on March 2, 2011. My 6-Month Performance Evaluation as Program Assistant met Respondent's expectations. Prior to the charge, the Respondent (Debra Moore) voiced on many occasions that "Roshanda is stellar."

3. On June 5, 2013, I requested to Ms. Moore and Mr. Bergman to allow the door to remain open. I expressed to them I felt unsafe being in a closed-door office with them; therefore, requested they leave the door open. I was concerned for the well-being of my safety, therefore, requested the door be left open during the meeting. Ms. Moore and Mr. Bergman denied my request to leave the door open. Therefore, I stated to them I was leaving. Ms. Moore physically positioned herself in the doorway and blocked the doorway to prevent me from leaving. I stated to Ms. Moore and Mr. Bergman that I felt unsafe being in a closed office with them. Thereafter, I positioned my foot on the floor to the left of Ms. Moore (my right) in the open space and squeezed by her.

I received a written reprimand and 14-working day suspension without pay. The reason stated in letter from Debra H. Moore, Executive Director, for the reprimand was based upon two previous written reprimands for insubordination; a 10-working day suspension without pay and recent deficient entry of Resource Center Customer Profiles. The Written Reprimand from Ms. Moore stated "If you continue to refuse to follow directives from your supervisor, I will have no choice but to terminate your employment." I asked, what directives have I refused to follow and who is my supervisor? Frank Bergman stated that Ms. Moore asked you to enter customer profiles in April and May and you refused. I stated to Mr. Bergman and Ms. Moore that I have not received any profiles to enter as of April 2013. Mr. Bergman stated we are not going to discuss this and that the results from the disciplinary hearing will be provided when you I return from suspension.

I sent email to Illinois Department of Commerce and Economic Opportunity personnel, I have not received a response and they have continued to allow St. Clair County to retaliate against me for opposing unlawful discrimination.

4. The unwarranted written reprimand, 14-work day suspension without pay and threat of termination of employment, followed the release of the Notice of Final Action report from the disability discrimination complaint filed with Illinois Department of Commerce and Economic Opportunity against Respondent, filing of complaint with U.S. Department Labor Civil Rights Center, speaking with reporter and release of an article in the Belleville News Democrat (BND) on June 3, 2013, and receipt of letter to respondent of filing a charge with Illinois Department of Human Rights and U.S. Equal Employment Opportunity Commission, within such a period of time as to raise an inference of retaliatory action.