IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSHANDA PEPPERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1012-MJR-PMF |
| ) | |
| CHARLIE BIGGAM, ) | |
| ADAM POLLET, and the ) | |
| ILLINOIS DEPT. OF COMMERCE ) | |
| and ECONOMIC OPPORTUNITY, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

    A.    <u>Introduction and Procedural History</u>

Roshanda Peppers worked for the St. Clair County Intergovernmental Grants Department, having been hired as a Program Assistant in early March 2011. On September 14, 2015, Peppers filed a pro se complaint in this Court alleging that she was retaliated against and harassed on the job from January 2013 through early June 2013. The complaint alleges that the retaliation/harassment took the form of written reprimand, ten-day suspension without pay, demotion, and threat of termination. Documents attached to the complaint – including a charge that Peppers filed with the Illinois Department of Human Rights (IDHR) – indicate that the protected activity which allegedly sparked the retaliation was Peppers' December 2011 filing of a disability discrimination complaint or grievance regarding her boss at the Grants Department, Dr. Debra Moore (Doc. 2, p. 5).

That complaint/grievance was lodged with the Illinois Department of Commerce and Economic Opportunity (DCEO) and allegedly mailed to three individuals at the DCEO – Charles Biggam, Adam Pollet, and Kevin Bell. In that complaint/grievance, Peppers reported to the DCEO on activities in the Grants Department (where Moore was the boss and Peppers worked), activities that Peppers believed constituted disability discrimination, violated state policy, and were "fraud, misfeasance, nonfeasance or malfeasance" (Doc. 2, p. 5). An investigation of the Grants Department by the U.S. Department of Labor ultimately followed (the complaint alleges that the "Conciliation Agreement" was being finalized when Peppers filed this suit in September 2015, *see* Doc. 2, p. 5, p. 12).

In her federal civil rights complaint filed here, Peppers references the retaliation at the hands of Debra Moore and the Grants Department but she names as Defendants the DCEO, Biggam, and Pollet. She complains that neither Biggam (General Counsel of the DCEO) nor Pollet (Director of the DCEO) responded to her reports of the improper activities at the Grants Department, despite multiple requests by her. More specifically, Peppers alleges that she reported to the DCEO the inappropriate activities transpiring at the Grants Department, she suffered retaliation at the Grants Department from January to June 2013 for reporting to the DCEO, she told the DCEO about the retaliation, she has not received any response from the DCEO, and "they have continued to allow St. Clair County to retaliate against me for opposing unlawful discrimination" (Doc. 2, p. 5). St. Clair County is not a named Defendant in this suit.

Peppers filed a retaliation charge against the DCEO with the IDHR and the U.S. Equal Employment Opportunity Commission (EEOC) in late June or early July 2014. She attached to her complaint in this Court that charge plus a right-to-sue notice issued thereon by the EEOC in June 2015 (Doc. 2, pp. 7-12).[1] On threshold review of the complaint in September 2015 (when granting Peppers' in forma pauperis motion), the undersigned noted that it was hard to discern the precise contours of the claim Peppers presents in this lawsuit. She used a form designated and typically used for civil rights complaints under 42 U.S.C. 1983 (which allows lawsuits against persons acting under the color of state law for violation of constitutional rights) but appeared to be trying to state a claim of retaliation via Title VII, 42 U.S.C. 2000e, et seq. (relying on the EEOC right-to-sue notice and claiming retaliation in violation of federal law).[2] She seeks compensatory and punitive damages in an amount of "any/all available" (Doc. 2, p. 6).

---

[1]     Peppers attached to her complaint and referred to therein the IDHR charge (signed by her on June 30, 2014, received by the IDHR on July 2, 2014) and the June 12, 2015 right-to-sue notice (stating that the EEOC is adopting the findings of the IDHR and closing its file) but not the IDHR's findings.

[2]     The complaint also mentions once (without explanation or citation) the "Antidiscrimination and Retaliation Act" and the "Whistleblower Protection Act." The former may be a reference to Title VII, discussed below. The latter may be a reference to the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, which before July 2010 was known as the "Illinois Whistleblower Reward and Protection Act" (this requires a private plaintiff to file a qui tam action in the name of the State of Illinois, *see* 740 ILCS 175/4(b), which is not alleged here), or the Whistleblower Protection Act of 1989, 5 U.S.C. 2301, *et seq.* (which applies only to *federal* employees who disclose fraud or abuse in the workplace). Plaintiff's claim does not fall within the federal False Claims Act, 31 U.S.C. 3729, *et seq.*, which imposes civil penalties and damages on persons who present to the *United States Government* a false claim for payment or approval. **See, e.g., Fanslow v. Chicago Mfg. Center, Inc., 384 F.3d 469, 478-79 (7th Cir. 2004).**

Construing the complaint as presenting claims under Title VII or § 1983, the Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. 1331. Now before the Court is the dismissal motion filed by the DCEO, Biggam, and Pollet (collectively, Defendants). For the reasons stated below, the Court partially grants and partially denies Defendants' motion to dismiss.

**B. Analysis**

Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and they ask for dismissal with prejudice (Doc. 12, p. 1, p. 10).[3] Rule 12(b)(6) governs motions to dismiss for failure to state a claim on which relief can be granted. The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, **910 F.2d 1510, 1520 (7th Cir. 1990).**

A complaint must state a claim that is facially plausible. *Id., citing Vinson v. Vermilion County, Il.,* **776 F.3d 924, 928 (7th Cir. 2015).** Although a complaint need not contain detailed factual allegations to avoid Rule 12(b)(6) dismissal, it must contain "enough facts to state a claim for relief that is plausible on its face." *Scott v. Chuhak & Tecson, P.C.,* **725 F.3d 772, 782 (7th Cir. 2013),** *quoting Bell Atl. Corp. v. Twombly,* **550 U.S. 544, 570 (2007).** *Accord Foster v. Principal Life Ins. Co.,* **806 F.3d 967, 971 (7th Cir. 2015) (specific facts are not necessary, but complaint must give defendant fair notice of what the claim is and the ground on which the claim rests).**

---

[3] Dismissals for lack of subject matter jurisdiction under Rule 12(b)(1) typically are without prejudice. *See, e.g., Morrison v. YTB Int'l, Inc.,* **649 F.3d 533, 535 (7th Cir. 2011)**(jurisdictional dismissal under Rule 12(b)(1) is a "without prejudice" dismissal).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013), *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." *G&S Holdings, LLC v. Continental Cas. Co.,* 697 F.3d 534, 537-38 (7th Cir. 2012).

In assessing a complaint or count under Rule 12(b)(6), the district court construes the complaint in the light most favorable to the plaintiff, "accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied,* 558 U.S. 1148 (2010), *quoting Tamayo v. Blagoyevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

Additionally, the undersigned bears in mind that the pleadings of pro se litigants like Peppers are not held to the same stringent standard as pleadings drafted by formally-trained lawyers and should be liberally construed. *See, e.g., Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015); *Edwards v. Cross,* 801 F.3d 869, 873 (7th Cir. 2015). And the Supreme Court has reminded that federal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief, but "they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* -- U.S. --, 135 S. Ct. 346, 346-47 (2014).

On threshold review of the complaint, the undersigned pointed out the lack of clarity as to Peppers' claims and the legal theory on which they rest. Generously construed, Peppers alleges that three Defendants (one listed in the style of the complaint and two in the body) were notified by her of the retaliation she was suffering at the hands of the County Grants Department and took no action to intervene. In her response to the dismissal motion, Plaintiff endeavors to flesh out her claims a bit more, explaining that the named Defendants "allowed adverse action to be taken against her" and breached a duty they owed to her to enforce the DCEO retaliation policy (Doc. 22, p. 3).

With the briefs supporting and opposing dismissal, both sides submitted materials "outside the pleadings." As a general rule, Rule 12(b)(6) motions must be decided strictly on the pleadings and materials attached to the pleadings, plus documents referred to in the complaint and central to the plaintiff's claim or subject to proper judicial notice. If matters outside the pleadings are considered, the dismissal motion must be converted to a summary judgment motion under Rule 56, with notice furnished and additional briefing permitted. ***See, e.g., Rogers v. Cartage Co.,* 794 F.3d 854, 861 (7th Cir. 2015),** *citing* **FED. R. CIV. P. 12(d);** *Brownmark Films, LLC v. Comedy Partners,* **682 F.3d 687, 690 (7th Cir. 2012);** *Geinosky v. City of Chicago,* **675 F.3d 743, 751 n.1 (7th Cir. 2012).**

The Court does not need to convert the pending dismissal motion here. The materials submitted by Peppers include the emails she alleges she sent to Biggam and Pollet plus correspondence regarding the Department of Labor's investigation of the

Grants Department. In the context of the pending dismissal motion, the Court assumes as true all well-pled facts in the complaint, including the fact that Peppers contacted Biggam and Pollet about what she discovered was happening at the Grants Department and that an investigation of the Grants Department did occur (including whether Debra Moore retaliated against Peppers for reporting disability discrimination).

The Court does not consider, and does not need to consider, the materials attached to Plaintiff's response at Doc. 22. Moore is not named as a Defendant herein, and the question before this Court is not whether Moore retaliated against Peppers. The fact of Peppers' *reporting* the events to the DCEO is relevant, but the Court assumes as true this well-pled fact in Peppers' complaint without reference to the extraneous materials.

Defendants submitted a document the Court can consider on this Rule 12(b)(6) motion – the IDHR findings on the charge Peppers filed. As noted above, Peppers had attached to her complaint the IDHR charge and the right-to-sue notice which specifically references the IDHR findings, just not the findings themselves (the middle piece of the three-piece agency process – charge, findings, right-to-sue notice). The IDHR findings are referenced in Peppers' complaint and attached materials, and they are central to her claim. They may be considered without converting the pending motion. **See, e.g., Santana v. Cook County Board of Review, 679 F.3d 614, 619 (7th Cir. 2012);** *Hecker,* **556 F.3d at 582-83;** *Brownmark,* **682 F.3d at 690.**

Accepting as true all well pled facts in the complaint and drawing all reasonable inferences in Peppers' favor, the complaint fails to state a claim on which relief can be granted under either Title VII or Section 1983 as to any of the named Defendants.[4]

First, any Title VII claim against the DCEO, Biggam, and Pollet fails, because Peppers has not alleged that she was employed by the DCEO, Biggam, or Pollet. Title VII of the Civil Rights Act of 1964 makes it unlawful for *an employer* to discriminate against any individual with respect to the terms and conditions of his employment based on the individuals' race, color, religion, sex, or national origin. **42 U.S.C. 2000e-2(a)(1)**. Title VII also declares it unlawful for *an employer* to discriminate against any of *his employees* "because he has opposed any practice made an unlawful employment practice" by Title VII. **Burks v. Union Pacific R. Co., 793 F.3d 694, 700 (7th Cir. 2015),** *citing* **42 U.S.C. 2000e-3(a).**

Therefore, to bring a Title VII claim against the named Defendants in this case, Peppers must allege (and to prevail on such a claim, she would have to prove) the existence of an employer-employee relationship. **Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 701 (7th Cir. 2015).** Here, the complaint explicitly alleges (and the properly-considered record establishes) that Peppers was employed by the St. Clair County Intergovernmental Grants Department, whose only relationship with the DCEO was the receipt of a grant over which the DCEO had financial oversight.

---

[4] Defendants question whether Peppers properly named the DCEO as a Defendant. In the body of the pro se complaint form she used, Peppers lists Biggam (General Counsel to the DCEO) as "Defendant 1" and Pollet (Director of the DCEO) as "Defendant 2." But she plainly lists the DCEO in the caption of the complaint, and caselaw suggests that individuals become parties by being specified in the caption. *See, e.g., Myles v. U.S.,* **416 F.3d 551 (7th Cir. 2005).**

Peppers was not employed by any Defendant herein.  Nor has she alleged any facts to suggest that the DCEO or any Defendant was her de facto or indirect employer. *See Love,* **779 F.3d at 702-03 (applying five-factor test to examine the extent to which putative employer controlled or supervised the alleged employee, such as scheduling the employee's work).**  The complaint fails to state any facially plausible claim under Title VII, and any Title VII claim must be dismissed.

If the complaint instead asserts claims against Defendants under § 1983, those claims also fail as a matter of law.  Section 1983 authorizes suits to enforce individual rights under federal statutes and the federal constitution against persons acting under color of state law.  **42 U.S.C. 1983;** *City of Rancho Palos Verdes v. Abrams,* **544 U.S. 113, 119-20 (2005).**  *Accord Medlock v. Trustees of Indiana University,* **738 F.3d 867, 870 (7th Cir. 2013) (Section 1983 authorizes suits against state officials who violate federally protected civil rights).**

Section 1983 does not create substantive rights but operates as a means to vindicate federal rights conferred elsewhere.  *Levin v. Madigan,* **692 F.3d 607, 611 (7th Cir. 2012).**  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting color of state law."  *West v. Atkins,* **487 U.S. 42, 48 (1988).**  Section 1983 liability "is premised on the wrongdoer's personal responsibility," and a defendant cannot be held liable under § 1983 unless he caused or participated in the constitutional deprivation.  *Kuhn v. Goodlow,* **678 F.3d 552, 556 (7th Cir. 2012),** *citing Wolf-Lillie v. Sonquist,* **699 F.2d 864, 869 (7th Cir. 1983).**

In the case at bar, assuming the complaint attempts to allege a retaliation claim grounded on a First Amendment right to protected speech, Peppers has not stated any § 1983 claim on which relief can be granted for several reasons.

First, the DCEO (a state agency) is not a "person" who can be sued under 42 U.S.C. 1983. ***Will v. Department of State Police,*** **491 U.S. 58, 66-70 (1989).** Nor are state officials acting in their official capacities. As the United States Supreme Court explained in ***Will,*** **491 U.S. at 71** (a suit against the Michigan State Police and its Director)**, *citing* Brandon v. Holt, 459 U.S. 464, 471 (1985)**: "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … [and] no different from a suit against the State itself."[5] In our case, Peppers cannot state a § 1983 claim on which relief can be granted against the DCEO (a state agency) or Biggam and Pollet (acting in their official capacities, proxies for a state agency).

Second, as an agency of the State of Illinois, the DCEO is entitled to immunity under the Eleventh Amendment to the United States Constitution. ***See e.g., Thomas v. Illinois,*** **697 F.3d 612, 613-14 (7th Cir. 2012); *Will,*** **491 U.S. at 70-71.** The Eleventh Amendment grants a state immunity from suit in federal court by its own citizens and citizens of other states. ***Lapides v. Bd. of Regents of Univ. Sys. of Ga.,*** **535 U.S. 613, 616 (2002).** States can waive their Eleventh Amendment immunity from suit in federal

---

[5] Likewise in an unreported opinion involving a § 1983 suit against a stage agency (the Attorney Registration and Disciplinary Commission) and its administrator (Jerome Larkin), the Seventh Circuit reiterated: "To the extent plaintiffs sue Larkin in his official capacity, he is a proxy for the ARDC itself, and a state (or state agency) is not a 'person' that can be sued under § 1983." ***Ditkowsky v. Stern,*** **581 Fed. App'x 571, 572 (7th Cir. 2014).**

court, *Id.,* **535 U.S. 618,** but Illinois has not done so for § 1983 suits. Congress can abrogate the states' sovereign immunity in enacting legislation, but that did not occur with the passage of § 1983. ***See Thomas,* 697 F.3d at 613.** Stated another way, the Eleventh Amendment guarantees that an unconsenting state is immune from suits brought in federal courts by her own citizens. ***Council 31 of American Federation of State, County and Municipal Employees, AFL-CIO v. Quinn,* 680 F.3d 875, 881 (7th Cir. 2012),** *citing Bd. of Regents v. Phoenix Int'l Software, Inc.,* **653 F.3d 448, 457 (7th Cir. 2011), and** *Edelman v. Jordan,* **415 U.S. 651, 663 (1974).** If properly raised, the Eleventh Amendment bars actions in federal court against "a state, stage agencies, or state officials acting in their official capacities." ***AFSCME,* 680 F.3d at 881.** A § 1983 claim does not lie against the DCEO (a state agency).

Similarly, Biggam and Pollet sued in their official capacities are entitled to sovereign immunity. These two Defendants were named *as if* being sued in their individual capacities (Peppers checked the box suggesting as much), but the complaint is devoid of any allegations of specific facts against either Defendant to support § 1983 liability. Instead, the complaint indicates they are named because they were the Director and General Counsel of the agency (which is why she sent her emails to them). Any official capacity claim against Biggam and Pollet is barred by the Eleventh Amendment, and (as is discussed below) the complaint fails to state a claim against either of them in his personal or individual capacity.

The Seventh Circuit has emphasized that "district courts always should address statutory defenses under § 1983 before constitutional ones." ***Bradley v. Wisconsin***

*Dep't of Children & Families*, 528 Fed. App'x 680, 681 (7th Cir. 2013), *citing Parker v. Franklin County Community Sch. Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). Accordingly, the Court first concludes that the DCEO is not a "person" subject to § 1983 liability, and then finds that Eleventh Amendment immunity bars a § 1983 claim against the DCEO and against Defendants Biggam and Pollet in their *official* capacities. Those claims are dismissed with prejudice.

Next, the undersigned finds that the complaint does not state a § 1983 claim on which relief can be granted as to Biggam or Pollet in their *individual* capacities. Section 1983 liability requires personal responsibility for or participation in the alleged constitutional deprivation. An "individual must be personally responsible for a constitutional deprivation in order to be liable" under § 1983; liability also extends to those who have a duty under the Constitution to the plaintiff and, with deliberate or reckless disregard of the plaintiff's constitutional rights, act or fail to act. *Childress v. Walker,* 787 F.3d 433, 439-40 (7th Cir. 2015). Here, Peppers does not allege that Biggam or Pollet caused or directed the alleged constitutional deprivation (retaliation against Peppers at the Grants Department). Nor does the complaint, as drafted, allege enough facts to state a plausible claim that Biggam or Pollet had a "duty under the Constitution" to Peppers and in reckless or deliberate disregard of that duty acted or failed to take action. *Childress*, 787 F.3d at 440.

Peppers does allege (Doc. 22, p. 3) that these Biggam and Pollet breached a "duty" they owed to her to enforce the DCEO retaliation policy. The nature of this duty – how it runs to or covers Peppers -- is nebulous. Peppers seems to be alleging that

Biggam and Pollet failed to follow their own internal policy and, perhaps, were negligent in fulfilling the requirements of their jobs as executives working for the State of Illinois.  But that would at best be a statutory duty under state law, not a *constitutional* duty.

Moreover, it is unclear (on the allegations of the existing complaint) how the Director and General Counsel of the DCEO owed any duty to a person that did not work for the DCEO and had no relationship with the DCEO.[6]  It is true that the "First Amendment generally prohibits government officials from dismissing or demoting an employee because of the employee's engagement in constitutionally protected … activity," such as speaking out on matters of public concern.  ***Heffernan v. City of Patterson,* -- U.S. --, 136 S. Ct. 1412, 1416 (2016).**  But the complaint and materials attached thereto and referenced therein (some of which were not produced until after the Court's threshold review Order which expressed uncertainty as to the relationship, if any, between the DCEO and the Grants Department) plainly establish that none of the Defendants in this suit was Peppers' employer or in a position to take adverse employment action against her based on her reporting of discrimination at the Grants Department.  Peppers has not stated a plausible § 1983 claim against Biggam or Pollet.

---

[6] The relationship between Plaintiff and Defendants here stands in contrast to, for instance, that of incarcerated persons and prison officials.  In the latter instance, the prisoner or pretrial detainee has been stripped of the ability to protect himself, so the Constitution imposes upon prison officials a duty to protect the prisoner from (inter alia) violent assault at the hands of a fellow inmate.  A prison official violates that duty if he knows of a substantial risk of serious harm to the inmate and fails to take action.  ***See, e.g., Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008).**  Here, the complaint does not allege or identify any special relationship or other basis for a constitutional duty owed by Biggam or Pollet to Peppers.

The individual capacity § 1983 claims against Defendant Biggam and Pollet are dismissed *without* prejudice.

Finally, because none of the named Defendants was in an employment relationship with Peppers such that she could sue them as her *employer*, the complaint fails to state any claim on which relief can be granted under Title VII. The Title VII claims are dismissed *with* prejudice.

Defendant also argues (Doc. 13, pp. 3-4) that Peppers' lawsuit was filed after the statute of limitations elapsed for either a Title VII claim or a § 1983 claim. Because the Title VII claims are dismissed with prejudice, the Court need not reach the statute of limitations argument as to those claims. The same conclusion follows as to the § 1983 claims against the DCEO and Biggam and Pollet in their official capacities. That leaves Peppers' individual capacity claims against Biggam and Pollet under § 1983. Because the nature of those claims is uncertain and they are being dismissed without prejudice (with Peppers being afforded a chance to amend the complaint to state a claim, if possible), the Court does not reach the statute of limitations argument here.[7]

---

[7] The gist of the argument is that Peppers' September 14, 2015 complaint was filed after the applicable two-year limitations period elapsed (Doc. 13, p. 3). That assertion is based on the fact that "the most recent retaliatory action took place on June 5, 2013," which Defendants contend started the limitations period running. June 5, 2013 was the last alleged retaliatory act *by the Grants Department*, but Peppers' claim against Biggam and Pollet is that *as some later point* they learned of the June 5, 2013 (and earlier) retaliation and took no action. On the record before it, in the context of the Rule 12(b)(6) motion, the Court cannot determine when a § 1983 claim against Biggam and Pollet accrued and thus cannot resolve the statute of limitations argument.

C. <u>Conclusion</u>

To the extent Plaintiff alleges a Title VII or § 1983 claim against Defendants, she has failed to state a claim on which relief can be granted, and Rule 12(b)(6) dismissal is appropriate. Defendants sought dismissal of all claims with prejudice. Defendants' motion (Doc. 12) is **granted in part and denied in part** as follows.

Any Title VII claims, any § 1983 claim against the DCEO, and any § 1983 claims against Biggam and Pollet in their official capacities are dismissed <u>with</u> prejudice. The remainder of the complaint (including any § 1983 claim against Biggam or Pollet in his individual capacity) is dismissed <u>without</u> prejudice. To the extent Plaintiff may have some *other* cognizable claim against the three named Defendants (DCEO, Biggam, and Pollet) or a § 1983 individual capacity claim against Biggam or Pollet, she will be given one opportunity to amend the complaint to state a claim against them over which this federal District Court would enjoy subject matter jurisdiction.

Plaintiff shall file a First Amended Complaint **no later than June 26, 2016**. Failure to file a First Amended Complaint by that deadline may result in dismissal of this case under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED May 25, 2016.

                                                 s/Michael J. Reagan
                                                 Michael J. Reagan
                                                 United States District Judge