IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSHANDA PEPPERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-1012-MJR-PMF |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **COMMERCE AND** | ) |
| **ECONOMIC OPPORTUNITY,** | ) |
| **CHARLES BIGGAM,** | ) |
| **and ADAM POLLET,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, Chief Judge:**

Over 11 months ago, Roshanda Peppers filed a pro se complaint in this Court, asserting claims against three Defendants -- the Illinois Department of Commerce and Economic Opportunity (DCEO), Charles Biggam, and Adam Pollet (Biggam and Pollet being employees of DCEO). The case stemmed from Peppers' prior job at a county grants department, and the complaint contained a confusing hodge-podge of allegations – e.g., retaliation, whistleblowing, discrimination. Liberally construing the complaint to possibly state claims under Title VII or Section 1983 (which would support subject matter jurisdiction under 28 U.S.C. 1331), the Court granted Peppers in forma pauperis status, and Defendants were served.

Later filings revealed that Plaintiff was not employed by or in an employment relationship with any of the three named Defendants. She had been employed by the St. Clair County Intergovernmental Grants Department, and neither that department

nor the county was a named defendant herein.    Defendants sought dismissal on that ground, among other bases.  On May 25, 2016, the Court partially granted Defendants' dismissal motion.  The undersigned denied the motion to dismiss for want of subject matter jurisdiction but granted in part the motion to dismiss for failure to state a claim.  A detailed 15-page Order culminated in the conclusion that the Title VII claims must be dismissed with prejudice, the § 1983 claim against the DCEO must be dismissed with prejudice, and the § 1983 claims against the two individual Defendants in their official capacities must be dismissed with prejudice.  The Court dismissed the entire complaint but offered Plaintiff an opportunity to file an amended complaint, if she had a § 1983 individual capacity claim against Biggam or Pollet, or some other cognizable claim against any Defendant.  The Court set a June 26, 2016 deadline to file a first amended complaint and expressly warned that failure to do so could result in dismissal of the whole case under Federal Rule of Civil Procedure 41(b) (Doc. 26, p. 15).

Peppers sought, and the Court granted, an extension of the amended complaint deadline through July 28, 2016 (Doc. 28).  Peppers sought, and the Court granted, a second extension of the deadline – through August 18, 2016.  In that Order, the Court plainly stated that failure to file an amended complaint by August 18th would result in dismissal of the case and that *no further extensions of the deadline would be allowed* (see Doc. 30).

On August 17, 2016, Peppers filed a third motion for extension of time to file amended complaint.    The one-sentence motion asks  to  extend  the  deadline  to September 15, 2016, furnishes no reason why another extension is needed, offers no

explanation for the inability to meet the twice-extended deadline, and ignores entirely the "no further extensions will be allowed" language in the Court's last Order.

Cognizant of Peppers' pro se status, the Court explained the possible claims which survived the dismissal motion, offered Peppers a chance to amend her complaint, provided plenty of time in which to do so, and granted two extensions of the filing deadline. This case is nearly a year old and no operative complaint is on file. Peppers has articulated no reason supporting a third extension, and she has failed to comply with the clear deadline imposed by the undersigned to file an amended complaint. The Court denies the motion for extension of time (Doc. 31). The case is dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED August 18, 2016.

s/Michael J. Reagan
Michael J. Reagan
Chief Judge
United States District Court
